In Special Term—STORER J. presiding.

JAMES C. ROGERS *vs.* ELLIS & STURGES.

An affidavit, alleging the causes in the disjunctive, in order to obtain an attachment, is bad for uncertainty.

A. N. RIDDLE for plaintiff.   WORTHINGTON & MATTHEWS for defendant.

STORER, J.

This is a motion to dismiss an attachment issued upon the affidavit of the plaintiff, who claims to be a creditor of the defendants, for deposits received of him as his bankers, and who charges, "that the defendants, by Rowland Ellis, *have assigned, removed, or disposed of, or are about to dispose of their property, jointly or separately, or a part thereof, with intent to defraud their creditors : the plaintiff further states, that the defendant, Sturges, is a non-resident of the State of Ohio."*

The affidavit of Ellis is filed, denying all the allegations of the plaintiff, except the non-residence of Sturges.

It is sought to dismiss the attachment on two grounds: First, that the statement of the several causes for which the order is asked, is in the disjunctive, and therefore, there is no precise or definitive charge made in the plaintiff's affidavit, to meet the requisitions of the Code. Sec-

ond, that the facts as they are averred, so far as the assigning, removing, or disposing of their property by the defendants, or being about to do so, are untrue.

The plaintiff's counsel, in reply to the first position assumed by the defendants, has argue l that it is not necessary to allege the existence of the several causes, for which an attachment may properly issue, except in general terms; that the remedy must be liberally construed to advance the purposes of justice, and if the literal language of the statute is followed, it is sufficient.

The principle, however, upon which we are asked to decide the question by the defendant's counsel, is not of modern origin; it has prevailed from a very early period in the history of judicial proceedings, and is founded, it is believed, upon the soundest reason, as well as justice. It was adopted, originally, as a rule of criminal practice, that the accused might have the benefit of a full knowledge of the offence with which he was charged, by a clear, definite, and positive statement in the indictment or information, to which he was required to answer. Thus it is laid down as a settled principle, " that no charge of a criminal nature can be laid in the alternative ; if it is, the proceeding will be void, as if a party should be charged with killing, or intending to kill, with beating, or intending to beat, with forging, or intending to forge," for it is said the offences are distinct, and it does not appear of which the defendant is accused.

2 *Hawkins—P. C.* 311, § 58.

3 *Bacon Abrd.* 161.

This rule has been extended, and it is now universally applied in civil cases, where remedies at common law, or by statute, involve the discussion or examination of legal

or moral fraud, and thus subject a party to summary process by arrest or attachment.

Thus in 1 *M'Cord, S. Car. Rep.* 113, Hagard *vs.* Smith, where the attachment was taken out on an affidavit, in which the plaintiff stated that the defendant "was about to *remove, or abscond, or conceal himself,* that the ordinary process of law could not be served upon him," the Court set aside the writ on the ground, "that charging the causes for the attachment in the disjunctive, it became perfectly uncertain which state of fact really existed;" and in Devill *vs.* Taylor, *Cheves* 5, it was held, "that either of the causes contained in the affidavit for the attachment, would have been sufficient if stated separately, yet when they are alleged in the disjunctive, they do not sustain the process."

The same ruling is to be found in Barnard et al. *vs.* Sebre, 2 *A. K. Marshall,* 151, and Shipp *vs.* Davis, *Hardin,* 65.

Again, in May *vs.* Gelmac, 1 *Miles,* 78, it is said that "the affidavit should be confined to one of the particulars authorizing the attachment to issue, and if more than one is averred, they should be stated positively," and as the statements were in the disjunctive, the writ was quashed. The authority of this case is fully recognized in Jewett *vs.* Howe, 3 *Watts,* 147.

See also *Drake on Attachments,* sections 108, 109, 110, and 111, where the questions are very clearly stated, and the authorities examined.

These cases are all decided on the true and only safe ground, both for plaintiff and defendant, that the allegations required to authorize process to issue, except in case of non-residents, charge the defendant with a serious of-

fence, one that is indictable, and may be severely punished, and there is, therefore, the most manifest propriety in holding the affiant to a strict compliance with the Code. It is then only that the creditor can fully enjoy the benefit of the remedy, and the debtor be protected from its abuse.

In the present case, we are satisfied that the rule to which we have referred, is clearly applicable. It has its counterpart in every analogy we can find in the practice and pleadings of our courts. No petition would be regarded as sufficient, where the allegations were only in the alternative, and certainly no answer would be sanctioned where the denials were in the disjunctive. The attachment in this case must be dismissed as to Rowland Ellis; but as there is an allegation in the affidavit that Wm. Sturges is not a resident of Ohio, the order will be continued as to him, and the plaintiff be at liberty to attach his private prperty, or whatever interest he may have in the property of Ellis & Sturges, after the liabilities of that firm have been paid.

This view of the case renders it unnecessary for the Court to decide the second proposition made by the defendant's counsel. No opinion is given upon the assignment made to Mr. Worthington, or the conveyance to Fletcher. Those parties are not before the Court, and we cannot, if we would, adjudicate upon their rights. We may be permitted to say, however, that no fact has been disclosed on the hearing that would lead us to believe or suspect that any fraud has been perpetrated, or intended by the defendants.